UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORHAF BARAKAT,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | Case No. 20-cv-02248-JCS<br><br>**ORDER DENYING MOTION TO REMAND AND MOVING INITIAL CASE MANAGEMENT CONFERENCE TO 2:00 P.M. ON JULY 10, 2020**<br><br>Re: Dkt. No. 7 |

## I. INTRODUCTION

On January 8, 2020, Plaintiff Morhaf Barakat brought this action in state court against Defendant Costco Wholesale Corporation ("Costco"), asserting claims arising from an incident in which Barakat slipped and fell at a Costco store. On April 2, 2020, Costco removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, asserting that the removal was timely because it did not learn that the amount-in-controversy requirement was satisfied until March 9, 2020. Barakat brings a Motion to Remand ("Motion"), arguing that removal was untimely under 28 U.S.C. § 1446(b) because Costco should have known the amount-in-controversy requirement was met no later than February 12, 2020. The Court finds that the Motion is appropriate for decision without oral argument and therefore vacates the motion hearing set for July 10, 2020 at 9:30 a.m. The case management conference scheduled for July 10, 2020 at 9:30 a.m. is moved to 2:00 p.m. on the same date using the same Zoom link. For the reasons stated below, the Motion is DENIED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Procedural Background

Barakat filed this personal injury action in San Mateo County Superior Court on January 8, 2020. Notice of Removal at 2. In his complaint, Barakat alleges that he slipped and fell on a liquid substance at a Costco store on February 11, 2019, sustaining "injuries that required significant recovery time and ultimately surgery" and further alleging that he had "yet to recover fully from these injuries, and may require future surgeries." Notice of Removal, Ex. A (Complaint) at 6. Barakat alleges that Costco is liable for his injuries because its "employees knew or should have known" about the dangerous conditions in the store that caused his injuries. *Id.* Barakat asserts claims for premises liability and negligence and seeks unspecified compensatory damages "according to proof" to account for lost wages, lost earning capacity, hospital and medical expenses, and general damages. *Id.* at 5.[2]

On April 2, 2020, Costco removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting in the Notice of Removal that there is original federal jurisdiction over the action on the basis of diversity under 28 U.S.C. § 1332. Costco further asserted that the removal was timely because it was "filed within thirty (30) days after March 9, 2020, which is the date [Costco], through its counsel, first learned from counsel for Mr. Barakat of facts establishing federal subject matter jurisdiction by virtue of diversity of citizenship of the parties and an amount in controversy exceeding the jurisdictional minimum." Notice of Removal at 3. In particular, the Notice of Removal describes the following communications with Barakat's counsel that occurred on March 9, 2020:

> During a call between the parties' respective counsel on March 9, 2020, Costco Wholesale Corporation learned that Mr. Barakat has already had three surgeries, one in Syria and two at Kaiser Permanente facilities, and that Kaiser Permanente has a $30,000 lien for its services. Additionally, Mr. Barakat anticipates a fourth fusion surgery due to continuing pain. Mr. Barakat's counsel expressly refused to stipulate that the action seeks damages below the $75,000

---

[2] Under California Code of Civil Procedure section 425.10(b), "where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated."

2

>minimum threshold for diversity. Mr. Barakat's counsel was advised during this conversation that under these facts, Costco Wholesale Corporation would seek removal of the action to federal court.

*Id.* at 3.

### B. The Motion

In the Motion, Barakat contends Costco's removal was untimely because it "*should* have known the amount in controversy exceeded $75,000.00 from the initial complaint, and *did* know that the matter exceeded that amount . . . on February 12, 2020." Motion at 1 (emphasis in original). Barakat points to the allegations in the complaint describing his injuries as requiring "significant recovery time and ultimately surgery," as well as future procedures, to indicate that Costco should have known the amount in controversy requirement was likely met. Mot. at 2, 3.

In support of the Motion, Barakat also supplies a declaration by his attorney, Conor Granahan, to show that on February 12, 2020, Costco received medical records related to treatment of Barakat's injuries. Mot. at 2-3; *see also* Declaration of Conor Granahan in Support of Plaintiff's Motion to Remand ("Granahan Decl.") ¶ 3. In particular, Granahan states in his declaration that on February 11, 2020, he spoke with Costco's counsel, Arthur Casey, about Barakat's "surgery related to the incident, as well as the surgery he underwent prior to the incident." *Id.* ¶ 2. In his declaration, Granahan states that he specifically told Casey that the procedure Barakat underwent as a result of his fall was a laminectomy. *Id.* Additionally, Granahan states that on February 12, 2020, his office sent Casey a link to Barakat's medical records for the treatment and surgery related to the incident and that Casey acknowledged receipt of the records on the same day. *Id.* ¶ 3. According to Granahan, a review of the medical records would have shown that Barakat underwent a "laminectomy surgery following the incident and that there was an indication of a need for a future fusion surgery." *Id.* Barakat contends these medical records constituted an "other paper" under 28 U.S.C. § 1446(b)(3) that triggered the 30-day removal requirement under that section.

In its Opposition, Costco rejects Barakat's assertion that the removal was untimely, arguing that the complaint did not allege sufficient facts to show that the case was removable on

3

its face, as required under 28 U.S.C. § 1446(b)(1), because it only described Barakat's injuries generally and did not state the specific amount of compensatory damages Barakat was seeking. Opposition at 5 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005)). Costco further asserts that the medical records it received on February 12, 2020 did not start the 30-day clock under 28 U.S.C. § 1446(b)(3) because they did not include billing records and therefore did not provide a basis for determining the amount in controversy. *Id.* at 5-6 (citing Declaration of Arthur Casey in Opposition to Plaintiff's Motion to Remand ("Casey Decl.") ¶ 4 & Ex. A (medical records)).[3]

Rather, Costco contends it first learned that Barakat's claims met the amount-in-controversy requirement on March 9, 2020, when counsel for Costco spoke with Barakat's counsel about Barakat's past and future surgeries. *Id.* In particular, in a declaration filed in support of the Motion, Costco's counsel states that on March 6, 2020, his office received an equitable lien detailing the Kaiser Permanente medical services Barakat received in relation to the incident. Casey Dec. ¶ 5. The lien indicates that the total billed charges to Barakat are $58,618.90, with a current balance due of $30,313. *Id.* & Ex. B (lien). Casey states that this lien documentation suggested for the first time that Barakat's claims might exceed the jurisdictional minimum because it appeared that he "may have already had or might need additional medical treatment." *Id.* On March 9, 2020, the parties' respective counsel spoke, confirming that Barakat's "alleged claims exceeded the minimum amount in controversy for diversity jurisdiction in federal court." *Id.* ¶ 6. Casey notes in his declaration that he and Granahan discussed Barakat's past back surgeries, and that Barakat was "considering disk fusion treatment because of pain" related to the incident. *Id.* According to Casey, Granahan declined to stipulate "to a cap of $75,000 on damages" and therefore Casey advised Granahan that Costco intended to remove the action to federal court. *Id.*

In his Reply brief, Barakat does not dispute that the medical records Costco received on

---

[3] After Costco filed Barakat's medical records as an exhibit in support of its Opposition brief, Barakat and Costco filed a stipulation seeking to seal the medical records on the basis that they contained confidential medical information that should not have been filed in the public record. *See* Docket No. 10. Costco also stipulated that it did not rely on the medical records in support of its Opposition to the motion. *Id.* The Court granted the stipulation.

February 12, 2020 did not contain billing records but contends that Costco's "[e]xperienced defense counsel" should have known from review of the medical records — which "indicated extensive medical treatment in the form of numerous completed surgeries and prospective procedures" — that the amount in controversy requirement was met. Reply at 2. Barakat reiterates his argument that Costco should have known the case was removable based on the allegations in the complaint, or at least by February 12, 2020, when its counsel received Barakat's medical records. *Id*. at 2-3.

### III.  ANALYSIS

#### A.  Legal Standards Governing Removal

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). The burden of proving removability lies with the removing party, which must establish removability by a preponderance of the evidence. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) (per curiam ). Where the removing party has made a prima facie case that the procedural requirements for removal have been met, the burden shifts to the party opposing removal to offer evidence rebutting that prima facie case. *Jimenez v. Lao*, No. CV 18-3574-DMG (JCX), 2018 WL 3388497, at *3 (C.D. Cal. July 11, 2018) (citing *Parker v. Brown*, 570 F. Supp. 640, 643 (S.D. Ohio 1983) ("[O]nce the removing party has made a prima facie case of having satisfied all procedural requirements, the burden shifts to the party seeking remand to offer evidence rebutting that prima facie case.")).

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over cases where the amount in controversy exceeds the sum or value of $75,000 and the citizenship of each plaintiff is

diverse from the citizenship of each defendant.  The Ninth Circuit strictly construes removal statutes against removal jurisdiction, placing the burden on the defendant to prove that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d at 566; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Any doubts as to removability are generally resolved in favor of remand.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d at 1090.

A defendant has 30 days to file a notice of removal after receipt of the initial pleading if it is removable on its face.  28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  In *Harris v. Bankers Life & Cas. Co*, the Ninth Circuit adopted a bright-line rule that removability is determined based on the "four corners" of the initial pleadings.  425 F.3d at 695.  "Clue[s]" about removability do not trigger a duty to investigate or start the 30-day time limit for removal.  *Id.* at 696.  Even in circumstances where an investigation would lead a defendant to discover sufficient facts for removal, a defendant is not required to do so.  *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  Defendants will not be "charged with notice of removability until they've received a paper that gives them enough information to remove."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).  Thus, the first 30-day window is "open" to defendants only if the case is clearly removable based on jurisdictional facts facially apparent from the initial complaint.  *Harris*, 425 F.3d at 694.

If a case is not removable based on the initial pleading, a defendant must file a notice of removal within 30 days after receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.  28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Harris*, 425 F.3d at 692.  A defendant is able to remove a case that was not initially within federal jurisdiction "if it is rendered removable by virtue of a change in the parties or circumstances revealed in a newly-filed 'paper.'"  *Harris*, 425 F.3d at 694.  The bright-line rule under 28 U.S.C § 1446(b)(3) mirrors that of 28 U.S.C § 1446(b)(1) in requiring the information contained in other papers to be "unequivocally clear and certain" in support of removability.  *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *see also Nguyen v. Sam's W., Inc.*, No. 2:15-CV-00649-JAD, 2015 WL 5092689, at *3 (D. Nev. Aug. 27, 2015) (holding that the *Harris* analysis that applies to determining whether a complaint

triggers the 30-day period under § 1446(b)(1) also applies to determining whether a removal was timely under § 1446(b)(3)).

Courts in the Ninth Circuit have repeatedly held that defendants are not charged with inquiry notice if either the initial pleading or other document is "'indeterminate' with respect to removability." *Stiren v. Lowes Home Center, LLC*, No. 8:19-cv-00157-JLS-KES (JLS), 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (rejecting plaintiff's argument that defendant could have conducted a simple internet search based on plaintiff's medical records to ascertain the amount in controversy). Specifically, courts in the Ninth Circuit generally do not require "even the simplest of inquiries" on behalf of the defendant. *Id.* Speculative arguments regarding the potential amount in controversy under either 30-day window are insufficient to establish diversity jurisdiction. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376-77 (9th Cir. 1997).

In requiring an objective analysis of the pleadings, the Ninth Circuit standard brings "certainty and predictability to the process and avoids gamesmanship," as well as furthering other valid policy concerns that jurisdictional issues often raise. *Harris*, 425 F.3d at 697. The Ninth Circuit explains in *Harris*:

> Just as important, an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient "clue," whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry … Our reluctance to embrace [a "clues"-based] framework is also motivated by the concern that defendants may be encouraged to engage in premature removals in order to ensure that they do not waive their right to removal. Otherwise, defendants will be subject to a court's post-hoc consideration of whether there was a "clue" in the initial pleading and whether the defendant exercised due diligence to discover the grounds for removability. As observed in *Lovern*, the pressure to file a premature notice of removal may lead to the imposition of Rule 11 sanctions. Finally, we are not unmindful of the canon that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. [Citations omitted.] Our interpretation of 28 U.S.C § 1446(b) is consistent with the goal of the canon, which guards against premature and protective removal and minimizes the potential for a cottage industry of removal litigation. By assuring that removal occurs once the jurisdictional facts supporting the removal are evident, we also ensure respect for the jurisdiction of state courts.

*Id.* at 697-98.

**B.     Whether Removability Was Ascertainable from the Complaint**

Barakat contends it was apparent from the face of his complaint that there was federal jurisdiction over his claims, and therefore, that the case should have been removed within 30 days of receipt of the complaint. The Court disagrees.

In the context of personal injury cases in which the complaint does not specify the amount of damages, courts have found that the amount in controversy is apparent from the face of the complaint only where the complaint includes specific details that reflect the nature of the injuries and treatment. *See, e.g., Calkins v. Sw. Airlines Co.*, No. 2:19-cv-01215-SVW-MRW (SVW), 2019 WL 1553665, at *2 (C.D. Cal. Apr. 10, 2019) (holding that the allegations in the complaint gave sufficient notice of removability by providing a highly detailed description of the "serious and long-term injuries" the plaintiff suffered as a result of falling out of her wheelchair and down an airport terminal escalator); *Moore v. CVS Health Corporation*, No. EDCV 17-888 (JGB), 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (stating that the amount in controversy was "reasonably apparent" due to the severity and specificity of plaintiff's alleged injuries and damages resulting from being prescribed an inappropriate dosage of medicine).

On the other hand, where the complaint includes only general allegations about the plaintiff's injuries, such as allegations that the plaintiff's injuries were "serious," "severe," or "debilitating," without alleging specific facts showing the nature and extent of the plaintiff's injuries and the treatment required as a result of those injuries, courts have found that such allegations are insufficient to trigger the 30-day removal period. *See, e.g., Afshar v. Wal-Mart Stores, Inc.*, No. 2:18-cv-00947-RFB-GWF (RFB), 2018 WL 6178521, at *2 (D. Nev. Nov. 27, 2018) (holding that the complaint failed to provide sufficient notice of removability where it described the plaintiff's injuries as "serious," "severe," and "debilitating" but did not provide specific details as to the nature and extent of the injuries); *Corbelle v. Sanyo Elec. Trading Co., LTD.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (holding that it was not facially apparent from the complaint that the amount-in-controversy requirement was met even though it was alleged that plaintiff sustained "serious and permanent injuries" because the complaint did not contain specific allegations as to the nature of plaintiff's injuries, the treatment

she received or her prognosis, and the magnitude of her lost wages was also unclear); *Piard v. VRP Transportation, Inc.*, No. 3:18-CV-847-WKW (WKW), 2019 WL 210402, at *5 (M.D. Ala. Jan. 15, 2019) (holding that amount in controversy was not facially apparent from the complaint because although plaintiff alleged serious injuries and "great physical pain and mental anguish," the allegations failed to provide a concrete depiction of the nature of plaintiff's injuries, diagnoses, and treatment related to a motor vehicle accident);

Barakat's complaint alleges only that on February 11, 2019, he "sustained injuries that required significant recovery time and ultimately surgery" and that he had not fully recovered and "may require future surgeries." Notice of Removal, Ex. A (Complaint) at 6. As in *Afshar*, *Corbelle*, and *Piard*, these allegations are not specific enough to trigger the 30-day removal period under 28 U.S.C § 1446(b)(1). Further, while the complaint identifies the *types* of damages Barakat seeks, namely, lost wages, hospital and medical expenses, general damages and lost earning capacity, it does not include specific amounts or other details for these categories. Therefore, although Barakat's complaint put Costco on notice that he incurred medical expenses and missed work, it does not put Costco on notice that these types of damages exceeded $75,000.

In sum, because Barakat's complaint required Costco to speculate as to whether the amount in controversy requirement was met, it did not trigger the 30-day window under 28 U.S.C. § 1446(b)(1).

### C.  Whether Removability Was Ascertainable from the Medical Records

Barakat also contends that even if Costco was not on notice of the amount in controversy based on the complaint, it became aware that the case was removable on February 12, 2020, when Costco's counsel was given access to his medical records. The Court rejects this argument.

Where medical records include cost estimates or billing information, they may be sufficient to put a defendant on notice that a case is removable. For example, in *Naranjo v. Walmart, Inc*, the court found that the plaintiff's medical records were sufficient to put the defendant on notice that the amount-in-controversy requirement was met because the records contained a treating physician's report "clearly stating that [the] [p]laintiff was advised to undergo a surgery, which was to be scheduled soon, that would cost an estimated $250,000." *Naranjo v.*

9

*Walmart, Inc.*, No. 218CV10040RGKFFM, 2019 WL 446223, at *3 (C.D. Cal. Feb. 4, 2019). On the other hand, courts in the Ninth Circuit repeatedly have found that medical records that do not include the cost of past treatment or estimates of the cost of required future treatment are insufficient to start the running of the 30-day removal period under § 1446(b)(3). *See, e.g., Stiren v. Lowes Homes Centers, LLC*, No. 8:19-cv-00157-JLS-KES (JLS), 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (holding that medical records and interrogatory responses detailing the extent of Plaintiff's injuries were not sufficient to trigger 30-day removal requirement, even if a "simple internet search would have revealed the nature of required treatment and corresponding costs" because under Ninth Circuit precedent a defendant does not have a duty to investigate); *State Farm Mut. Auto. Ins. Co. v. Camco Mfg., Inc.*, No. 3:12-CV-00222-LRH (LRH), 2012 WL 3962470, at *3 (D. Nev. Sept. 10, 2012) ("Notwithstanding the fact that this case involved a rollover accident … the information contained in [plaintiffs'] medical records does not clearly indicate that the [plaintiffs] sustained such injuries that their personal injury claims would bring this case over the jurisdictional threshold"); *Lopez v. Wal-Mart Stores, Inc.*, No. 2:07-CV-00968-BES-RJJ (BES), 2008 WL 108990, at *2 (D. Nev. Jan. 7, 2008) (holding that provision of plaintiff's medical records to the defendants did not put the defendant on notice of removability because the defendant would have had to conduct further inquiry to ascertain amount in controversy).

Here, the medical records that were provided to Costco have been withdrawn but Barakat does not dispute that they did not contain billing information. Rather, he points to them only to show that Barakat's counsel was on notice that "Plaintiff underwent a laminectomy surgery following the incident and there was an indication of a need for a future fusion surgery." Granahan Decl. ¶ 3. This information was not sufficient to put Costco on notice that the amount-in-controversy was met, however, because it required Costco to conduct further inquiry as to the cost of Barakat's past laminectomy surgery and possible costs of his future fusion surgery. As discussed above, Ninth Circuit precedent does not require that defendants conduct such an inquiry to determine if a case is removable. Therefore, the Court reject's Barakat's argument that the removal was untimely under 28 U.S.C. § 1446(b)(3).

10

United States District Court
Northern District of California

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: July 6, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge